EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    José Martínez Custodio | Queja<br><br>2003 TSPR 155<br><br>160 DPR \_\_\_\_ |

Número del Caso: AB-2002-327


Fecha: 31 de octubre de 2003


Oficina del Procurador General:

                    Lcda. Minnie H. Rodríguez López
                    Procuradora General Auxiliar

Abogada de la Parte Querellante:
                    Lcda. Roxana Badillo Rodríguez


Abogado de la Parte Querellada:
                    Lcdo. Jorge J. Puig Jordán

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Martínez Custodio                AB-2002-327


RESOLUCIÓN

San Juan, Puerto Rico, a 31 de octubre de 2003

El 3 de abril de 2003, el Procurador General presentó un Informe relacionado con la queja presentada por la Sra. Janette Torres Torres contra el Lcdo. José Martínez Custodio. En dicho Informe determinó que el licenciado Martínez Custodio había incurrido en violación al Canon 20 de Ética Profesional, 4 L.P.R.A. IX C 20 al no hacer entrega inmediata a su cliente la señora Torres Torres del expediente que ésta le solicitara. También determinó que el querellado había violado el Canon 18 al omitir incluir en su recurso ante nos copia del recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones, la Sentencia dictada por el Tribunal de Primera Instancia y el correspondiente volante de notificación, documentos éstos que consideró esenciales y básicos para determinar la jurisdicción de éste foro y para considerar la controversia en los méritos.

El 4 de agosto, el licenciado Martínez Custodio presentó un Escrito expresándose sobre dicho Informe del Procurador. En este Escrito reconoció "que ciertamente hubo una dilación en entregarle a la señora Torres el expediente del caso. Sin embargo la dilación habida, la cual el querellado lamenta, no fue intencional y al momento de emitirse el Informe del Procurador General ya se le había entregado copia del expediente a la quejosa."

El querellado reconoció además "que por inadvertencia no incluyó como parte del Apéndice al recurso de Certiorari ante este Honorable Tribunal el escrito de Apelación presentado ante el Tribunal de Circuito de Apelaciones así como la Sentencia del Tribunal de Primera Instancia ni el volante de notificación y lamenta tal omisión."

Tomando en consideración el Informe del Procurador General, el escrito del licenciado Martínez Custodio y los demás documentos que obran en el expediente, al igual que el historial del querellado que refleja que esta es la primera queja que aparece en su expediente personal se le censura y apercibe para que en el futuro ejerza mayor cuidado en el desempeño de sus funciones profesionales. El licenciado deberá además devolver a la quejosa cualquier honorario cobrado en relación con este asunto. Todo esto sin perjuicio de que la quejosa pueda instar las acciones que estime pertinente.

Se ordena el archivo de este asunto.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Interino señor Rebollo López y el Juez Asociado señor Rivera Pérez no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo